ELIZABETH BALLARD, plaintiff in error, vs. PATRICK McCARTY, defendant in error.

## Error to Jo Daviess County Court.

On an appeal from a justice of the peace, the Circuit Court is to hear the case on its merits, unless it shall appear from the evidence that the justice had no jurisdiction over the subject matter of the action.

An appeal from the decision of a justice of the peace should not be dismissed, until it appears from the evidence that the matter litigated was without the jurisdiction of the justice.

This was an action commenced by appellant against appellee, before a justice of the peace in Jo Daviess county. A judgment was obtained before the justice of the peace by appellant, for fifteen dollars. An appeal was prayed by appellee to the Jo Daviess County Court. On motion of appellee, Hugh T. Dickey, Judge, presiding, the Court dismissed the appeal, for the want of jurisdiction in the justice of the peace. Ballard appealed from the decision of the Jo Daviess County Court.

J. P. STEVENS and M. Y. JOHNSON, for appellant.

THOMPSON CAMPBELL, for appellee.

Opinion by TREAT, C. J.:

This action was commenced before a justice of the peace. The writ required the defendant to "answer the complaint of Elizabeth Ballard, for trespass and damages, by entering and driving the stock of the plaintiff out of a certain field or farm, which the said plaintiff rented of the said defendant." The defendant filed an affidavit for a change of venue, in which he described the suit as an action of trespass to personal property. The suit was so entered on the docket of the justice who tried the case. A trial resulted in a judgment for the plaintiff for fifteen dollars. On appeal, the Court dismissed the suit, for the want of jurisdiction in the justice.

We think the Court erred in sustaining the motion to dismiss. A justice of the peace has jurisdiction in actions of trespass to personal property. It was held in the case of Rogers vs. Blanchard, 2 Gilman, 335, that, in cases of appeal, the question of ju-

risdiction was not to be determined by reference to the process issued by the justice, but by the facts of the case as established by the evidence; in other words, that it was the duty of the Court to hear the case on the merits, without regard to the proceedings before the justice, unless it appeared from the evidence that he had no jurisdiction of the subject matter of the action. The law, under which that decision was made, is substantially incorporated into the Revised Statutes. R. S., ch. 59, secs. 66 and 67. The phraseology is somewhat variant, but the two statutes being in substance alike, ought to receive the same construction. The principle of the statute is, that a cause is to be heard and determined in the appellate Court on the merits, without reference to informalities or irregularities in the process or proceedings before the justice, unless it affirmatively appears that the justice had no jurisdiction of the subject matter really litigated before him. Where the facts show that the justice had jurisdiction of the matter actually in controversy before him, the cause is to be retained and decided according to the justice of the case. In the present case, the process left it doubtful whether the action was brought to recover damages for a trespass to the plaintiff's close, or for a trespass to personal property found therein. But the proceedings sufficiently indicated what was the subject matter of the controversy. The defendant, as well as the justice, understood it to be an action of trespass to personal property. We think the case was clearly within the scope and design of the statute. At all events, the Court should not have dismissed the action until it appeared from the evidence, that the subject matter of the litigation was without the jurisdiction of the justice.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*