Vaughan *v.* Thompson et al.

JOEL VAUGHAN, Plaintiff in Error, *v.* JOHN W. THOMPSON et al., Defendants in Error.

### ERROR TO MASSAC.

Unless in cases where it appears that a justice has not jurisdiction, in appeals, the circuit court will give the parties a trial upon the merits of their controversy, without regard to forms or technicalities.

A justice of the peace has jurisdiction in an action against a constable, for taking property not subject to levy; and against a constable and his sureties for the recovery of single damages for his malfeasance, in taking such property.

Where forfeitures or penalties are imposed, and no form of action is given, debt will lie.

THIS cause was heard before DENNING, Judge, at October term, 1853, of the Massac Circuit Court.

J. JACK, for plaintiff in error.

T. G. C. DAVIS, for defendants in error.

SCATES, J.   The summons issued by the justice in this case against Thompson, as constable, and the others as his sureties, was on a demand not exceeding one hundred dollars, for malfeasance in office.   The account filed was for $99.00, being three times the value of a certain mule, taken and sold by the constable, which was exempt from execution.   A copy of the constable's bond was filed with the papers of the justice, on the appeal to the circuit court.   The circuit court dismissed the suit, upon motion, for want of jurisdiction in the justice.   This is erroneous.   The statute (R. L. 1845, 325, § 66) provides, that on appeals exceptions to the form or substance of the summons or proceedings before the justice, shall not be taken; that the parties shall stand in the same position there as in original

actions, (§ 68); they shall be heard in a summary way without pleadings, (§ 66); they shall have the right to use each other as witnesses, (pp. 320, 321, §§ 39, 40, 41). The true scope, spirit, and intent of the law is to give the parties a speedy, fair, and full trial upon the merits of their controversy, without regard to forms or technicalities, and have it determined according to law and justice. Unless it shall appear that the justice of the peace had no jurisdiction, in which case it shall be dismissed, (325, § 67).

This is not apparent upon the papers transcribed into this record.

The same act, p. 316, § 17, ¶ 14, confers jurisdiction expressly for malfeasance, misfeasance, or non-feasance of sheriffs, coroners, or constables, where the amount claimed does not exceed one hundred dollars. And again in the 118th section of the same act, they shall have like jurisdiction, "if any special damage shall arise to any party by reason of the neglect or refusal to act, or the misfeasance or non-feasance of any constable in the discharge of any official duty." And again in the twelfth paragraph of the seventeenth section they have jurisdiction given "in all actions of trespass on personal property," not exceeding one hundred dollars. Suits may be brought before them on constables' bonds, where the demand does not exceed one hundred dollars.

In construing these provisions, we disregard objections to either form or substance in the summons and proceedings before the justice, and may hear and determine the very right of the parties; as in debt on the constable's bond to settle the liabilities of principal and sureties, for malfeasance in office, by taking property exempt from execution; or as in trespass upon personal property, against the constable alone for single damages; nothing but a want of jurisdiction in the justice should prevent the circuit court from hearing and determining the controversy in a summary way. This we hold to be the true spirit and meaning of the statute.

We are of opinion that the twelfth and fourteenth paragraphs of the seventeenth section, each confer jurisdiction. The former for the trespass in taking property not subject to levy, and in which single damages only could be recovered against the constable, since the repeal of the act of the 4th of March, 1843, (repealed in 1845; see R. S. 469), giving this form of action for the recovery of treble damages before justices. The latter in the form of trespass or debt for the recovery of single damages against the constable alone, or against him and his sureties, for his malfeasance in taking under color of his office,

property not liable to execution, in which single damages only could be recovered. For we are of opinion that the sureties are not liable on the bond for any more than the actual damages, the statute not having charged them with the treble statutory damages in the nature of a penalty.

Where forfeitures or penalties are imposed, and no form of action is given, debt will lie. But the act imposing the penalty of treble damages in this case, gives an action of trespass for that purpose. R. L. 1845, p. 306, § 35.

Filing an account for and demanding treble damages, therefore, will not oust the jurisdiction of the justice to hear and determine the case, as in trespass against the constable alone, or as in debt, against him and his sureties, for single damages.

So that the jurisdiction is clear, and the order of dismissal erroneous.

*Judgment reversed.*