OF THE

# STATE OF ILLINOIS,

OF CASES ARGUED AT

NOVEMBER TERM, 1861, AT MOUNT VERNON.

—————

27 9
55a 311
27 9
88a 348

The Ohio and Mississippi Railroad Company, Appellant, *v.* James McCutchin, Appellee.

### ERROR FROM CLAY.

The case of *Swingley* v. *Haynes*, 22nd Illinois, 216, examined and approved.

An appeal from the decision of a justice of the peace, gives the appellate court jurisdiction of the party, although he was not served with process in the case appealed from; and the appellate court can proceed to a trial on the merits.

This was an appeal from a judgment of a justice of the peace in Clay county, rendered against the railroad company on the 16th of April, 1859. Summons was issued, and the return of the constable thereon showed that the process was served on "Charles Weir, Station Agent of the Ohio and Mississippi Railroad Company at Xenia," etc.

At the October term of the Circuit Court of Clay county, the defendant below filed a plea in abatement, and moved to dismiss the cause. The motion was overruled, and cause continued.

At the March special term, the defendant below renewed the motion to dismiss the cause, on plea in abatement denying

NOTE.—Mr. Justice Breese did not take any part in the decisions of this term. His absence was by reason of a severe domestic affliction.

2

the jurisdiction of the justice. The order overruling the motion at October term was set aside.

At the regular May term, 1860, it was agreed between the parties that the facts averred in the plea of abatement were true; that Charles Weir was not the agent, and never has been the agent of the railroad company at Xenia; and that no service had been had upon the company. Upon this agreement the cause was tried by the court without any other evidence, and judgment rendered in favor of the plaintiff below. Defendant excepted, and appealed.

The errors assigned are, that the court erred in overruling the motion of the defendant below to dismiss the cause for want of jurisdiction in the justice; and the court erred in rendering judgment in favor of the plaintiff below.

W. Homes, and Edwin Beecher, for Appellant.

J. G. Bowman, for Appellee.

Walker, J. We are asked in this case to review the grounds of our decision in the case of *Swingley* v. *Haynes*, 22 Ill. 216. Lest we may in that case, have overlooked some rule that might have induced a different conclusion from that announced, we cheerfully undertake the careful reconsideration of the question, and have given to it such thought and reflection as time and opportunity have permitted. The question is, whether under our statute, the Circuit Court acquired jurisdiction of a party, not served with process before a justice of the peace, but who appeals from a judgment rendered by the justice. Or must there be service or appearance before the justice, to authorize the trial of a cause taken by appeal to that court? That a judgment rendered against a defendant without either actual or constructive notice or appearance is void, there can be no question. But does he, by presenting an appeal from such a judgment, confer upon the Circuit Court jurisdiction of his person, and thereby authorize the Circuit Court to proceed to a trial on the merits? If not, what is his standing in that court? He is there for some purpose, and so is his case. He cannot say he is not in that court, after he has brought his appeal. Then is such an appeal only a writ of error, or is it an appeal for all purposes?

From the sixty-sixth and sixty-seventh sections of the statute regulating justices of the peace and constables, it is manifest that the design of the General Assembly was to give a trial *de novo* on the merits in all appeal cases. It was to dispense with all technicalities, and to afford a speedy trial on the

merits.   It would also seem that it was designed that the Circuit Court should not be a court for the correction of errors, appearing on the records of judgments of justices of the peace.   From all the legislation in reference to appeals it is the manifest design to give a new trial on the merits.

But it is supposed that the case of *Bines* v. *Proctor*, 4 Scam. 174, the first case that arose under the provision of these sections, announces a different rule.   In that case, the question was, whether a defect in a justice's summons, which omitted to name a time when the defendant should appear, was subject to exception in the Circuit Court on appeal, and it was held that it was not.   This seems to have been the only question properly presented to the court in that case, and yet the court say, that by this enactment, "the appellant is prevented from excepting in the Circuit Court to any proceeding before the justice, except such as are not only wholly without authority of law, but also, had without notice to, or the knowledge and consent of the defendant."   "And that he may object when no summons or other process has been issued against him, where there has been no service of the summons, or other process issued by the justice, upon the defendant, and no notice to him, actual or constructive, of the pendency before the justice, of the suit against him, in which the judgment has been rendered."   It now seems to us, that what is there said was unnecessary to the decision of any question in that case. It in effect holds, that no exception can be taken for the want of a summons.

But if it were conceded, that in the case of *Bines* v. *Proctor*, it was designed to give the construction, indicated by the language employed, has the court subsequently acted upon it, as the proper construction ?   In the case of *Rogers* v. *Blanchard*, 2 Gil. 335, it was held that when the justice's jurisdiction is doubtful, as to amount, that it is the duty of the Circuit Court, on appeal to hear the evidence, in order to determine the question.   To the same effect are the cases of *Ballard* v. *McCarty*, 11 Ill. 501,   and *Vaughn* v. *Thompson*, 15 Ill. 39.   These decisions are strictly in accordance with the requirements of the sixty-seventh section.   It provides that if it appears that the justice had no jurisdiction of the subject matter of the suit, it shall be dismissed at the costs of the plaintiff.

The statute provides that upon the trial of all appeals, no exception shall be taken to the form or service of the justice's summons; but the court shall hear and determine the same in a summary way according to the justice of the case.   But

if it shall appear that the justice had no jurisdiction of the subject matter, then the court shall dismiss the suit. This case was an appeal, and is undeniably embraced within the statute, as it includes all appeals. Being an appeal, it is required that the court should hear and determine it in a summary way according to the justice of the case. Not to dismiss it if there was a want of service, but only when the justice did not have jurisdiction of the subject matter of the suit. The statute has prohibited exceptions to the form of the summons, or to the service. Now to permit the defendant on appeal to question the sufficiency of the service, would be to violate the terms of the statute. The language of the act does not refer to the form of the service, but to the service itself. If it had prohibited an exception to the form of the service, then a different question would have been presented. But the legislature, to guard against all doubt, has prohibited all exception to any proceeding before the justice. Now this service, or want of it, was a part of the proceedings before the justice, and is manifestly embraced within the prohibition. How language more comprehensive or unequivocal could have been employed it is difficult to perceive, unless this very case had been specified.

It is however urged that the justice of the peace could only acquire jurisdiction of the subject matter by service of the summons. It is not the parties, the justice of the peace, the summons, or the service, which confers that jurisdiction, but it is the statute. It has provided that justices of the peace shall have jurisdiction to hear and determine certain causes of action, which are specified. This jurisdiction is inherent in his office, yet he is unable to exercise it until called upon to adjudicate such a cause of action between the proper parties, who are properly before him. Until jurisdiction over the person has been acquired, he cannot exercise his jurisdiction over the subject matter.

It is not perceived that this construction can work any possible injury, for if the summons was served upon an improper person, and the knowledge of that fact did not come to the knowledge of the defendant, in time to perfect an appeal, there is no construction that could be given which would afford any relief. When there is such a service and an appeal is prosecuted, no reason is perceived why a trial on the merits should not be had. When all the parties are in the Circuit Court, and when a full and fair trial may be had, and complete justice done between the parties, why send them back to the justice of the peace, unless it be simply to afford delay?

If the judgment appealed from is unjust, a trial on the appeal will correct it. It is manifest that the legislature designed to give a speedy trial, and this effectuates the object.

After giving the question all the consideration which we have been able to bestow upon it, we can perceive no sufficient reason why we should not adhere to the rule announced in the case of *Swingley* v. *Haines*, as the true exposition of the intention of the legislature. The judgment of the court below must therefore be affirmed.

*Judgment affirmed.*