JOHN MARSHALL, Plaintiff in Error, *v.* BENJAMIN F. POPE *et al.*, Defendants in Error.

### ERROR TO PERRY.

On an appeal from a justice of the peace, the Circuit Court may render a judgment against several defendants, although service of the process issued by the justice had not been made on all, and he had rendered judgment against all. Appearance in the Circuit Court, gave jurisdiction to that court. The proper inquiry in the Circuit Court was, had the justice jurisdiction over the subject-matter ?

THE facts of this case are stated in the opinion.

G. W. WALL, and S. S. MARSHALL, for Plaintiff in Error.

J. DOUGHERTY, for Defendant in Error.

WALKER, J. This was an action instituted before a justice of the peace, against two defendants, only one of whom was served with process. A trial was had, and judgment was rendered against both defendants. An appeal was prayed and perfected by the defendant who was served. A summons was issued from the Circuit Court against the other defendant, but it does not seem to have been served, as no return is indorsed by the sheriff.

In the Circuit Court a motion was entered to dismiss the appeal, for want of a sufficient bond. And a rule was entered requiring the appellant to file a sufficient bond. Appellant subsequently entered a cross-motion to dismiss the suit. On the hearing of the latter motion, the court dismissed the suit, and rendered judgment against appellee for costs. To reverse which, this cause is brought to this court.

After a careful examination of the entire record in this case, we are unable to perceive why the court below should have dismissed the suit. There is nothing disclosed in the record showing that there was any want of jurisdiction of either the person or subject-matter of the suit. One of the defendants was served with process, appeared before the justice of the peace, introduced evidence, and defended the suit. This

29

then, removes all question of a want of jurisdiction of his person. The 26th section of the justice of the peace act, authorizes the rendition of judgment against a portion of several defendants who are served with process, when others are not served. The justice erred in rendering judgment against the defendant who was not served, but that did not oust him of jurisdiction. On the trial in the Circuit Court, it being *de novo*, the proper judgment should have been rendered, but the suit should not have been dismissed for that reason.

Whether the justice of the peace had jurisdiction of the subject-matter, could only be known by the Circuit Court, after hearing the evidence. Until it appeared that there was a want of jurisdiction upon hearing the evidence, it was error to dismiss the suit. *Ballard* v. *McCarty*, 11 Ill. 501; *Vaughn* v. *Thompson*, 15 Ill. 39; *Swingley* v. *Haynes*, 22 Ill. 215. If, then, the suit was dismissed for the want of jurisdiction over the subject-matter, it was manifestly erroneous, until that fact appeared from the evidence in the case.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*