# R. WILDER GATES

## *v.*

## THE CITY OF AURORA.

1. SUMMONS —*for violation of ordinance of the city of Aurora.* The charter of the city of Aurora prescribes the mode in which suits shall be brought before the police magistrates of the city for a violation of any of its ordinances, requiring it to be stated in the summons the ordinance alleged to have been violated.

2. SAME — *the allegations and proof must correspond.* And where in such a case, the ordinance named in the summons, as having been violated, is excluded upon the trial, the city cannot proceed against the defendant on another ordinance of a different character. The ordinance stated in the summons to be violated is the cause of action, and it cannot be shifted, without consent, to another cause, even if the magistrate has jurisdiction of that other cause.

Appeal from the Circuit Court of Kendall county; the Hon. Madison E. Hollister, Judge, presiding.

This was a proceeding commenced in the name of the City of Aurora against R. Wilder Gates, before one of the police magistrates of that city. The cause was taken by appeal to the Circuit Court of Kane county, and, before final trial, was removed into the Circuit Court of Kendall county, where a trial resulted in a judgment for the defendant, from which he appealed to this court.

The opinion of the court sets forth the alleged ground of error.

Messrs. Wagner & Canfield, for the appellant.

Mr. C. J. Metzner and Mr. B. F. Parks, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

We have not deemed it necessary to consider any other point made on this record than the one first made and argued on the brief of appellant, and it is this: The city charter prescribes the mode in which suits shall be brought for a violation of a city ordinance, stating in the summons, the ordinance violated. This action was brought for a violation of the ordinance entitled "streets and alleys." On trial, this ordinance was excluded from the jury, and the city was allowed to proceed against the defendant on another ordinance of the city of a different character, and against the objections of the defendant.

This we think was error, on the familiar principle, that a defendant must be apprised of the nature of the accusation or claim against him, unless where that is dispensed with by some statute, as in proceedings before a justice of the peace, when filing an account, is held as a sufficient statement of the cause of action. But the charter of the city provides that the summons shall state the ordinance violated. This, then, is the

cause of action, and it cannot be shifted, without consent, to another cause, even if the magistrate had jurisdiction of that other cause.

The judgment is reversed.

*Judgment reversed.*