# THOMAS Y. THOMPSON

*v.*

# HENRY SUTTON.

1. JUSTICES OF THE PEACE—*consolidating causes of action—splitting a demand.* Under the statute requiring a party commencing a suit before a justice of the peace, to consolidate all his demands which are of such a nature as to admit of it, and which do not exceed one hundred dollars when consolidated, into one action, if the plaintiff splits his demand and sues for one item only, he is thereby barred from suing to recover for any of the other items.

2. In such case, the bar only extends to the items not incorporated in the suit, not the original claim.

3. SAME—*form of action immaterial.* A party may succeed in any form of action, on appeal from a justice of the peace to the circuit court, when it appears that the justice of the peace had jurisdiction of the subject matter.

4. In such cases, the only question to be determined is, had the justice of the peace jurisdiction; if so, the plaintiff can not be held to the same form in which his claim was prosecuted before the justice of the peace.

5. FORMER DECISIONS. The case of *Gates* v. *City of Aurora,* 44 Ill. 121, is not in conflict with the decisions announced in the cases of *Vaughan* v. *Thompson et al.* 15 Ill. 39, and *Swingley* v. *Haines,* 22 ib. 216, which are in harmony with the views here presented.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The opinion of the court fully states the case.

Messrs. S. W. & T. B. HARRIS, for the appellant.

Messrs. OLIN & ARMSTRONG, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action originally commenced before a justice of the peace in Grundy county, by Henry Sutton, against

Thomas Y. Thompson, resulting in a judgment in favor of Thompson. The plaintiff appealed to the circuit court, in which court he obtained a judgment, to reverse which, the defendant appeals to this court.

It appears from the abstract, that plaintiff's demand before the justice was fifty dollars, for driving cattle.

The point made here by appellant is, that the claim before the justice was for the penalty under the statute respecting drovers, and the circuit court permitted the plaintiff to prove a case of trespass in driving away his bull. The defendant offered to prove, in the circuit court, that no claim of this kind was made before the justice, and no other claim than the statutory penalty, which the court disallowed and the defendant excepted.

The court, on behalf of the plaintiff, instructed the jury, that in case the plaintiff should not by the evidence bring himself within the statute which provides a penalty for driving off cattle, yet he might, in this suit, recover damages of the defendant for such driving off of his property, if the jury shall believe, from the evidence, that the defendant or those in his employment drove off the bull of the plaintiff, whether they intended or not to do so, if by such driving off the plaintiff sustained any damage, expense or loss, and the measure of damages is the expense and loss sustained by reason of such driving off; and further instructing them, it was immaterial, in the suit, what was claimed or proved in the justice's court, but that the suit was to be determined on the evidence in the circuit court.

On this state of case, appellant raises this question : can a plaintiff select and bring forward one demand and distinct cause of action before the justice, and being defeated on that, appeal to the circuit court, and then, for the first time, and without notice, bring forward another distinct cause of action, and thus throw the costs of the entire litigation upon the defendant.

Appellant cites section 35 of the act respecting justices of the peace, Gross' Stat. 393, which provides, in all suits which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed one hundred dollars when consolidated; and on refusing or neglecting so to do, the same shall be forever barred from suing for any such debt or demand.

The inference appellant draws from this is, that he shall never be allowed to bring them forward again, and as we understand him, no part of the claim.

We have supposed the bar extended only to the claim he did not bring forward and incorporate in the suit, not the original claim—as for instance, when the claim consists of several items, the whole not exceeding one hundred dollars, a plaintiff suing for one of the items, is barred from suing thereafter to recover for any of the other items. He cannot split up his claim and bring several suits upon the different items. *Lucas* v. *Le Compte,* 42 Ill. 303.

There is no precise criterion by which to determine, in every case, the nature of the plaintiff's cause of action when suing before a justice of the peace. No account in writing need be filed, if the suit be upon an account, and if for a trespass, no particulars of the trespass need be alleged; in short, nothing does usually appear, from any papers, what the character of the claim really is, and there is more or less groping in the dark until the evidence shall develop it.

By the justice's transcript in this case, it appears the demand was "fifty dollars for driving cattle." There is no claim, or intimation, that a penalty was the subject of the suit, yet when the plaintiff was examined as a witness on the trial, he stated, he did not give evidence before the justice of expenses in finding the bull or the damage done to him—that he was not allowed to; that his brother made a statement of the case before the justice, and stated, the suit was brought under the

statute to recover a penalty—he himself simply stating the value of the bull,

The plaintiff, it would seem, acquiesced in this statement of the cause of action made by his brother, and the suit proceeded to trial and judgment. The question then is, was it legitimate to allow the plaintiff to change his ground and proceed for an entirely different cause of action in the circuit court.

It is very certain, from the plaintiff's own evidence, that the demand he presented before the justice was for a statutory penalty, and it appears he was permitted to proceed, in the circuit court, for a trespass, and to recover therefor.

The trespass consisted in driving off the plaintiff's bull, by the defendant, he being a drover, and the proof requisite to sustain the trespass was of the same character as that which would be necessary to sustain an action for the penalty given by the statute, except as to the *scienter*. The trespass would be proved by evidence that the defendant unlawfully drove off the plaintiff's bull, whereas, by the statute, in an action for the penalty, there must be proof that the defendant did the act knowingly. With this difference, the character of the suit was the same.

But if the defendant was surprised by the course the action took, he could have asked for and obtained a continuance, in order to prepare to meet the attack in that direction.

But should a plaintiff in any case be held to the form in which his claim may have been presented before the justice of the peace? Do the demands of justice require this? In these neighborhood tribunals, forms are discarded, the substance alone being regarded—the *gist* of the action is sought out; and in all the cases which have come before this court on this question, we have uniformly regarded, as the only question, had the justice of the peace jurisdiction of the matter brought before him for investigation? It surely can make no difference what the plaintiff may call his action; the question should be, do the matters of complaint and grievance come

within the acknowledged jurisdiction of the justice who tries it. *Vaughan* v. *Thompson et al.* 15 Ill. 39; *Swingley* v. *Haines,* 22 ib. 216; *Powell* v. *Feeley,* 49 ib. 143.

Testing this case by these principles, we can perceive no error in the rulings of the circuit court in submitting the case to the jury, and their verdict is sustained by the evidence.

It might be supposed the case of *Gates* v. *City of Aurora,* 44 Ill. 121, is against the views here presented, but it is not, as it will be observed in that case the law required the ordinance violated to be named in the warrant, and thereby it became the foundation of the action, and could not be changed without the consent of the opposite party.

The judgment must be affirmed.

*Judgment affirmed.*