## AUGUSTUS M. VANDERSLICE
### v.
## SOLOMON H. MUMMA.

1. RIGHT OF TENANT TO HARVEST CROP — CONFLICT IN TESTIMONY — VERDICT.—There was a conflict of testimony as to the right to harvest and thresh the crop, appellant claiming that if appellee left the farm, then appellant might harvest and thresh the grain, and pay appellee for his labor; appellee on the contrary denying any such arrangement. This was for the jury to determine from the evidence, and they having found against the right as claimed by appellant, the verdict will not be disturbed.

2. TRESPASS — MEASURE OF DAMAGES. — It is not important, then, whether the relation between the parties in respect to the crop was that of landlord and tenant or tenants in common; appellee, if right in his view of it, was to have control of the grain till he harvested, threshed and delivered one-half to appellant, and if the latter wrongfully harvested the grain against the will of the former, and appropriated it all to his exclusive use, he became a trespasser, and appellee would be entitled to recover one-half the value of it when severed.

3. ERRONEOUS INSTRUCTION AS TO MEASURE OF DAMAGES.—It may be that the court erred in its instruction as to the measure of damages, but where, notwithstanding the instruction, it appears that the amount allowed by the jury was no more than appellee was entitled under the evidence to recover, the case will not be reversed on account of error in the instruction.

4. INSTRUCTIONS MUST BE BASED ON EVIDENCE.—There being no evidence tending to show that appellee, having the right, had voluntarily abandoned it and neglected to cut the rye, though it was his right and duty to harvest it, an instruction asked by appellant, based upon an assumed abandonment of the crop, and the right of appellant to save it because of the abandonment and neglect of appellee, was properly refused.

APPEAL from the Circuit Court of Putnam county; the Hon. JOHN BURNS, Judge, presiding.

Mr. W. H. CASSON and Mr. F. S. POTTER, for appellant; argued that the parties were tenants in common of the crop, and cited Alwood v. Ruckman, 21 Ill. 200; Creel v. Kirkham, 47 Ill. 344; Warner v. Hoisington, 42 Vt. 94; Appling v. Odorn, 46 Ga. 583.

That it was appellant's duty to take care of the crop, and for the expense therefor he had an equitable lien upon it, and a

right of action against his co-tenant: Haven v. Mehlgarten, 19 Ill. 91; Bates v. Courtright, 36 Ill. 518; Tripp v. Grouner, 60 Ill. 474; Dyckman v. Valentine, 42 N. Y. 561.

That appellant was entitled to set-off or re-coup his just charges against appellee's portion of the crop: Davis v. Brown, 34 N. H. 454; Titsworth v. Stout, 49 Ill. 78; Hall v. Piddoch, 21 N. J. Eq. 311; 2 Hillard on Torts, 135.

The possession of appellant being lawful, he is not liable for a conversion until after a demand and refusal: Bruner v. Dyball, 42 Ill. 34.    Williams v. Bemis, 108 Mass. 91.

As to the lien of a landlord for labor in gathering crops of the tenant, and for rent: Secrist v. Stevens, 35 Iowa, 580; Rev. Stat. 1874, Chap. 80, §§ 31, 33.

The verdict was unwarranted by the evidence: Kœster v. Esslinger, 44 Ill. 477; Haycroft v. Davis, 49 Ill. 455; Chase v. McDonell et al., 24 Ill. 236.

As to measure of damages: · Taylor v. Bradley, 4 Abb. N. Y.

Messrs. BANGS, SHAW and EDWARDS, and Mr. FRANK WHITING, for appellee.

LELAND, P. J.   This was an action commenced by appellee before a justice of the peace of Putnam county, against appellant, in September, 1877.   The summons was in the usual form.   On the trial, however, before the justice, the plaintiff claimed, according to the transcript, $200 for trespass, and the defendant plead not guilty.   On the trial in the Circuit Court in October last, the case was considered one in trespass, and the court, at the request of the appellant, instructed the jury that appellee could not recover for his labor, but would have to seek his remedy in some other form of action.

The appellant was the owner of land, and the appellee had occupied a portion of it as tenant during the year 1874.   On the portion not occupied by the tenant, appellant had, in the fall of 1874, done some plowing, and had commenced to sow it with rye.   The land intended for rye was about thirty-five acres.   This arrangement was thereupon made : It was agreed that appellee should complete the plowing and sowing of the

thirty-five acres; should harvest and thresh the grain and deliver one-half to appellant in his granary, and retain one-half for himself; appellant was to furnish a hand to help harvest. So far the parties agree. Appellant, however, contends that it was agreed that if appellee did not remain on the farm appellant was to have the rye and pay appellee for his work and labor. Appellee, in the winter next after the sowing, moved into a house of his own in Granville, not far from the land.

The only real point in controversy was, whether appellee or appellant had the right to harvest and thresh the rye. Appellant claimed that the arrangement was that if appellee left the farm, appellant might harvest and thresh the grain and pay appellee for his labor, and that appellee had acquiesced in such arrangement. Appellant harvested and threshed the rye, claiming the right to do so. Appellee denied that there was any such arrangement that he might do it. It is clear that appellant claimed to harvest and thresh the rye because he had the right to, for the reason aforesaid.

There is nothing tending to show that appellee having the right had voluntarily abandoned it and neglected to cut the rye, though it was his right and duty to harvest it. Appellee claimed that he intended to harvest it, and that appellant wrongfully did it without giving him an opportunity. The gist of the controversy therefore being, which one had the right to harvest it under the agreement of the parties, the instructions asked for by appellant, and refused, on the subject of abandonment of the rye and the right of appellant to save it because of the abandonment and neglect of appellee, were properly refused, as unnecessary and perhaps irrelevant. The fifth instruction given on the part of appellant was all that was necessary. This was to the effect that if in case appellee left the farm, appellant was to own and harvest the crop and pay appellee for his labor, appellee could not recover anything in this action. There may be error in that part of the instruction which states, as to the claim of the appellee for labor, that he would have to seek his remedy in some other form of action, but this, if so, was an error to the prejudice of the appellee. The third refused instruction of appellant, is merely to the effect that,

by the original arrangement, the relation of the parties was not necessarily that of landlord and tenant.   We do not think it important whether this was so, or whether the relation was that of tenants in common, as contended for by appellant, under the authority of the case of Alwood v. Ruckman, 21 Ill. 200.   By it, by whatever name called, appellee, if right in his view of it, was to have the control of the grain till he harvested, threshed and delivered one-half to appellant, and if the latter wrongfully harvested the grain against the will of the former, and appropriated it all to his exclusive use, he would be a trespasser, and appellee would be entitled to recover one-half the value of it when severed.   It is said that it depends on the intention as to whether the relation is that of landlord and tenant, or tenants in common, in cases like the present one.   It might perhaps appear to appellant's counsel that the former relation was intended, if it was desired to distrain under Sec. 29 of Chap. 80, Rev. Stat., for rent due payable in products, if appellee, after threshing, should appropriate what is usually called the landlord's share to his own use.   If the relation was that of tenants in common, trespass or trover might be maintained for the appropriation by appellant, of the rye to his exclusive use against the will of appellee.   Rev. Stat. Ch. 76, and the decisions of the Supreme Court under it in the 13 and 38 Ill., and elsewhere.   It may be that the measure of damages, as laid down by the court below, was wrong in an action of trespass.   The Court instructed that it was the full value of the rye when threshed, deducting the landlord's share, allowing him nothing for the expense of harvesting and threshing.   The rule in trespass would seem to be the value of the rye with the straw immediately after it was severed from the land: Robertson v. Jones et al. 71 Ill. 405.   If the threshed rye had been demanded and appellant had refused to deliver, the measure would be as laid down below.   So perhaps if sold and converted into money, the tort could be waived and the money recovered.   Notwithstanding the instruction, however, and it may be because of the limit of the jurisdiction of the justice to $200, the jury have not allowed more than what the value of the rye was when severed from the land; we think, according

to the decided weight of the evidence, less than it was proved to be worth when severed. We do not deem it necessary to recapitulate it all. Appellee says the half was worth $300 threshed, $200 standing. Jacobs says that there were 780 bushels when threshed, that it was then worth 75 cents a bushel. Jacobs says appellant told him he got 75 cents for the first lot sold, and appellant, though a witness, says nothing on the subject. Livingstone says 55 or 60 cents. Take any reasonable view of the evidence, and the jury came to the limit of jurisdiction at $200 before they had allowed all the actual damages under the rule of the value of the rye with the straw when severed from the land. As the trial in the circuit court was *de novo*, appellee could, we think, recover whatever the evidence entitled him to, without regard to the form of action. *Thompson* v. *Sutton*, 51 Ill., 213. But it is not necessary to determine this in this case. It does not matter whether the relation was that of landlord and tenant or tenants in common. The appellee was clearly entitled to recover what one-half the rye was worth when severed, if the appellee and not the appellant had the right to harvest and thresh it; and if appellant wrongfully prevented him from so doing, and appropriated the whole of it to his own use, to the exclusion of appellee, this must have been so found by the jury, or they could not have otherwise found for appellee under the ruling of the court below, and this was the only real controversy in the case. We can not say the verdict was against the weight of the evidence, and distrust it for that reason. Whether appellant or appellee had the right to harvest and thresh the crop was the question before the jury. They have decided it in favor of appellee, and that must terminate the matter, even though the jury may not have arrived at the right conclusion. Though there may have been some erroneous rulings below, they are not of a character requiring that the judgment should be reversed, and the case tried again.

Judgment affirmed.