# CITY OF ST. LOUIS v. WILLIAM KLAUSMEIER, Appellant.

### In Banc, June 6, 1908.

**VARIANCE: Pleading and Proof: Impure Milk.** Where defendant was charged in the complaint with selling milk which is referred to as "whole milk," in violation of section 18 of an ordinance, and the evidence shows he was selling skimmed milk in violation of section 22 of the same ordinance, there is a clear departure in the proof from the charge. It is elementary that a defendant cannot be sued on one cause of action and a recovery be had upon another. The city having based its cause of action upon section 18 of the ordinance, it will not be permitted to recover upon any other section, even though it be shown that defendant was guilty of violating said other section.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

REVERSED.

*E. F. Stone* for appellant.

·Defendant's motion to discharge, made at the close of plaintiff's case, should have been sustained, because of the variance between the allegations and the proof. The complaint is based upon section 18 of ordinance No. 20808, and defendants are charged with selling milk in violation of said section. That said section fixes the standard for whole milk no one

will question. Defendants, then, are charged with violation of said section, or not charged with any violation at all. Plaintiff is confined to the cause of action pleaded, and defendant cannot be found guilty and punished for or upon another and different cause of action. Should evidence of plaintiff develop a different cause of action by showing that defendant, if guilty at all, is guilty of violating another and different section than the one under which he is charged, then this cause should be dismissed and defendant discharged. One cannot be tried and convicted for an offense different from that for which he is prosecuted or called upon to answer. The section of the ordinance stated in the summons and complaint to be violated is the cause of action, and it cannot be shifted to another cause. In this case the city has seen fit to charge defendant as having violated section 18 and this is the cause of action. But the evidence shows that if punished it must be under section 22. This cannot be done. "No party can sue upon one cause of action and recover upon another." Gates v. City, 44 Ill. 121; Resterpelle v. Mayor, 30 Ga. 936; Mayor v. Arnold, 30 Ga. 517.

*Charles W. Bates* and *Charles P. Williams* for respondent.

WOODSON, J.—Appellant was convicted in the Court of Criminal Correction of the city of St. Louis for selling milk in violation of section 18 of Ordinance No. 20808 of said city, and fined the sum of $25. In due time and in proper manner he appealed from the judgment of that court imposing said fine, to this court.

Omitting the formal parts, the complaint filed in the cause was as follows:

"Wm. Klausmeier, to the City of St. Louis, Dr.

"To one hundred dollars for violation of an ordinance of said city,

"Entitled: An ordinance to license and regulate the sale of milk and cream, to provide for the inspection thereof and to prescribe penalties to prevent the sale and disposition of any but pure, wholesome milk and cream, and to fix the minimum limit of its composition and defining its quality,

"Being Ordinance No. 20808, section 18, approved August 27, 1902. In this, to-wit: In the city of St. Louis and State of Missouri, it is charged that Wm. Klausmeier, the defendant aforesaid, on the 4th day of May, 1905, and on divers other days and times prior thereto, did at Gamble and Elliott streets in the city of St. Louis and State of Missouri, then and there carry and expose for sale milk, which said milk did show on analysis less than eight and five-tenths per centum of non-fatty solids, the said non-fatty solids being estimated by the difference between the total solids determined by evaporation, and the butter fat determined gravimetrically by the Adam's paper coil process.

"Contrary the ordinance in such case made and provided, on information of Thomas A. Buckland, acting City Chemist."

The appellant filed a motion to quash the complaint, and assigned therein numerous reasons therefor, all of which were, by the court, overruled, and he duly excepted to the ruling of the court.

At the trial R. H. Pethebridge, for plaintiff, testified in substance as follows: I am City Milk Inspector, and did on the 4th day of May, 1905, take a sample of milk from the wagon of defendant which the driver of said wagon said he was selling as skimmed milk; that the can was not marked "skimmed milk," but the wagon was marked with the sign "skimmed milk;" that he delivered the said sample to the office of

City Chemist on the same day with the information that said milk was being sold as "skimmed milk."

Mr. Hart, Assistant City Chemist, for plaintiff, testified in substance that he analyzed the said sample of milk brought to the office of Mr. Pethebridge, who informed him that said milk was being sold as "skimmed milk;" that it contained 7.25 non-fatty solids, 9.95 total solids and 2.70 butter fat, when whole milk should contain not less than 8.50 non-fatty solids, and that said standard did not come up to the standard for "skimmed milk."

Plaintiff offered in evidence section 18 of Ordinance 20808. Defendant objected to the admission thereof because it was incompetent and immaterial, and because it was null and void, having been repealed by an act of the Legislature approved April 8, 1905. Objection overruled.

Plaintiff rested, and defendant moved the court to discharge defendant, because of a fatal variance between the allegations of the complaint and proof offered, said proof showing that said defendant should have been prosecuted, if at all, under section 22 of said ordinance instead of section 18 thereof. Said motion was overruled and defendant offered in evidence Ordinance No. 20808, which was objected to by plaintiff and objection sustained.

This was all the evidence.

No instructions were asked by plaintiff or defendant.

Section 18 of said ordinance relates to "whole milk," and prescribes its strength, purity and quality as follows:

Butter fat not less than 3 per cent.

Non-fatty solids not less than 8.5 per cent.

Ash not less than 7 per cent.

Total solids not less than 12.2 per cent.

Butter fat to be determined exclusively by the Adam's paper coil process.

And section 22 thereof relates to skimmed milk, and fixes its strength, purity and quality as follows:

Total solids not less than 10.5 per cent.

Butter fat not less than 1.5 per cent.

Specific gravity between 1.032 and 1.038.

It is disclosed by this record that appellant was charged in the complaint filed with selling milk, which is referred to as "whole milk," in violation of section 18 of ordinance No. 20808, while the evidence shows that he was selling skimmed milk, which is governed by section 22 of the ordinance. The strength, purity and quality of each are wholly different.

There was a clear departure between the charge and the proof.

It is elementary that a party cannot sue upon one cause of action and recover upon another. [Milliken v. Commission Co., 202 Mo. 1. c. 645; Weil v. Posten, 77 Mo. 287; Gates v. City, 44 Ill. 121; Lesterjelle v. Mayor, 30 Ga. 936.]

The city having based its cause of action upon section 18 of the ordinance, it will not be permitted to recover upon any other section, even though it be shown the defendant was guilty of violating some other section thereof. [McDaniels v. Bucklin, 13 Vt. 279.]

It must follow from what has here been said that the court should have sustained appellant's motion to discharge at the close of the respondent's evidence.

The judgment of the Court of Criminal Correction is, therefore, reversed, and the defendant is discharged.

All concur, except *Valliant, J.,* absent.