# CITY OF NECK CITY, Respondent, v. F. H. GRIFFITH, Appellant.

### Springfield Court of Appeals, July 17, 1914.

1. **OCCUPATION LICENSE: Ordinance: Tax on Corporation: Arrest of Agent.** Under an ordinance which requires a telephone corporation to pay an occupation tax, the servants, agents and employees of the corporation are not subject to arrest and fine on the charge of carrying on the business of the corporation because of the failure of the agent or the corporation to pay the occupation tax; the business carried on by the corporation not being in itself, in the absence of the ordinance, unlawful in its nature.

2. **ORDINANCES: Violation: Prosecution: Variance Between Charge and Evidence.** In a prosecution for violation of a city ordinance where there is a clear cut variance between the charge in the complaint and the evidence introduced to support it, a judgment of conviction will be reversed.

3. **———: Prosecution Under: Proof: Admission of Counsel.** In a prosecution for the violation of a municipal ordinance, an admission by defendant's counsel does not relieve plaintiff of making the necessary proof to sustain the charge in the complaint, nor does it preclude the defendant from relying on a variance between the petition and the proof.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins*, Judge.

REVERSED.

*Norman A. Cox* and *Hugh Dabbs* for appellant.

(1) There is an entire failure of proof in this case. The defendant is charged with "operating and maintaining a telephone company within the corporate limits of the city of Neck City without first having had and obtained a license therefor." There is no evidence that defendant operated a telephone company in Neck City. The record simply shows that defend·

ant was an employee or agent of the Home Telephone Company. He is not charged with "operating and maintaining a telephone company as agent." St. Louis v. Klausmeyer, 212 Mo. 724; City of Joplin v. Leckie, 78 Mo. App. 13; State v. Mispagel, 207 Mo. 572-574. (2) Section 9399, R. S. 1909, does not confer on cities of the fourth class the power to levy a tax against the agents or employees of telephone companies or against individuals operating telephone systems, but against telephone companies alone. A municipality can exercise only such powers as are specifically granted to it by the Legislature, or that arise by necessary implication from a specific grant of power. Knapp v. Kansas City, 48 Mo. App. 485; City of Joplin v. Leckie, 78 Mo. App. 8; Kansas City v. Grush, 151 Mo. 134; St. Louis v. Spiegel, 75 Mo. 145; St. Louis v. Spiegel, 90 Mo. 587.

*A. M. Baird* for respondent.

(1) The license tax imposed by ordinance number 56 is levied upon the telephone company, which is a corporation, and the method provided for its enforcement is a prohibition against any person assisting in carrying on a business in an unlawful manner, i. e., without a license, and such method is not only a proper and valid exercise of the power granted, but it is the usual and necessary manner. Sec. 9422, R. S. 1909; Wonner v. Carterville, 142 Mo. App. 120, 10 Cyc. 952; 12 Cyc. 183. (2) It is presumed that a city ordinance is valid and it is incumbent on him who claims the unreasonableness of same to prove the facts which make it so. 28 Cyc. 396; City of St. Louis v. St. Louis Theatre Co., 202 Mo. 690; City of Chillicothe v. Brown, 38 Mo. App. 615; People ex rel. Morrison v. Cregier, 28 N. E. 814; New York v. Dry-Dock, etc. R. Co., 30 N. E. 563; Trenton H. R. Co. v. City of Trenton, 11 L. R. A. 410.

FARRINGTON, J.—The defendant, F. H. Griffith, was found guilty of violating an ordinance duly passed by the plaintiff city on a trial in the police court, and appealed to the circuit court where he was again found guilty and his punishment assessed at a fine of twenty-five dollars. The complaint on which he was tried is as follows:

"Comes now A. M. Baird, city attorney within and for the city of Neck City, Missouri, and upon his official oath, informs the court and charges that on or about the — day of September, 1912, within the corporate limits of the city of Neck City, Missouri, one F. H. Griffith, did then and there unlawfully and willfully operate and maintain a telephone company, known as the Home Telephone Company, a corporation, without first having had and obtained a license therefor as required by sections 1, 2, 8 and 9, of Ordinance number 56, of said city, which said ordinance was passed and approved on the 9th day of July, 1913. Wherefore plaintiff demands judgment against defendant in the sum of one hundred dollars and that defendant be committed until said fine and costs be paid."

To sustain this charge of unlawfully and willfully operating and maintaining a telephone company without first having obtained a license, the plaintiff introduced in evidence Ordinance number 56 which undertook to fix and enforce the payment of an occupation tax for the various businesses in Neck City. This ordinance covers twenty printed pages, but it will be necessary to refer to only those portions of the same deemed pertinent to the issue here. Under the ordinance a telephone company is required to pay a charge of twenty-five dollars per annum.

When plaintiff introduced its evidence to maintain the issues on its part, it was admitted that Neck City is and was at all times mentioned in the complaint a city of the fourth class under the laws of Mis-

souri, and that on the ninth day of July, 1912, Ordinance number 56 was duly passed and adopted.

Sections 1 and 2 and 8 and 9 of this ordinance are as follows:

"1. There is hereby levied and fixed a license tax upon the various objects, subjects, persons, businesses, trades, avocations and occupations, with the city of Neck City, Missouri, hereinafter in this ordinance mentioned, and the same shall be licensed, taxed and regulated as hereinafter provided."

"2. It shall be unlawful for any person, company or corporation to exercise, carry on or engage in any of the following businesses, trades, avocations or occupations, in the city of Neck City, Missouri, without first having obtained a license therefor from the said city, and the charge for said license shall be as follows: . . ."

"8. No person, firm or corporation shall engage or participate in doing business in Neck City, Missouri, for which a license is required by this ordinance, or shall attempt to do business or hold himself out to the public for the purpose of doing business or shall assist directly or indirectly in doing such business or any part of the business in any manner either as owner, proprietor or as officer, manager, superintendent, agent, servant, or employee unless a license for the carrying on of and exercising such business shall have been duly issued and shall be in force, nor shall any person, firm or corporation be allowed to do business or carry on any trade or occupation at more than one place in the city of Neck City under one license, and no person shall change or obliterate any license."

"9. Any person or persons, firm or corporation who shall carry on or engage in any trade, business or occupation in the city of Neck City, Missouri, or shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and of separate and distinct offense and misdemeanor under the pro-

visions thereof, for each twenty-four hours that such
trade or business or occupation shall be carried on or
engaged in without having obtained a license as here-
in provided for and required, and shall be proceeded
against as in the case of other misdemeanors within
the meaning of the ordinances of said city and upon
conviction shall be fined for each misdemeanor in the
sum of not less than five dollars and not more than one
hundred dollars.''

After the introduction of this ordinance, Mr.
Dabbs, the attorney for the defendant, admitted that
at the time during which this ordinance was in force
the Home Telephone Company had its lines and poles
in Neck City, collecting and attempting to collect tele-
phone rentals, and that the defendant was the agent of
said company there, and that they refused to pay the
tax because it was excessive and unreasonable. To
quote: ''They were in that position.'' ''There isn't
any issue except as to the reasonableness of that tax.''
''We will admit that was the situation on the day cov-
ered by the complaint and the day he was arrested.''
It was also admitted that the defendant was the agent
of the Home Telephone Company; that neither the de-
fendant nor the Home Telephone Company had any li-
cense or authority under this ordinance to do business
in Neck City; that the Home Telephone Company is a
corporation; and that the company had its lines and
poles in the city without any exchange or switchboard.
With this, the plaintiff closed its case.

Defendant's evidence disclosed that Neck City,
Purcell, and Alba, were all cities of the fourth class or
villages adjoining one another and that their territory
covered an area that would not exceed a radius of a
mile and a half. The remainder of defendant's evi-
dence went to the question of the reasonableness of the
tax and in no way aided the city's case on the point
which we think controls.

It will be observed on noticing the complaint that

the defendant is charged with maintaining and operating a telephone company in violation of the ordinance.

At most, the evidence shows that the defendant was merely an agent and a collecting agent for the Home Telephone Company.

The charge is not that he was assisting directly or indirectly in doing such business or any part of the business in any manner as agent, servant, or employee.

There is a clear cut variance between the charge in the complaint and the evidence introduced to support it. It is held in the case of City of St. Louis v. Klausmeier, 212 Mo. 724, 111 S. W. 507, that where a defendant was charged in the complaint with selling milk which is referred to as "whole milk," in violation of section 18 of an ordinance, and the evidence shows he was selling skimmed milk in violation of section 22 of the same ordinance, it is a clear departure from the charge, the reason given for reversal of the judgment of conviction being that there can be no recovery on a cause of action different from that stated. The city in our case based its complaint on the charge that this defendant was operating and maintaining a telephone company and there is no proof whatever to sustain that charge. [See: Weil v. Posten, 77 Mo. 284; State v. Mispagel, 207 Mo. 557, 106 S. W. 513; Gates v. City of Aurora, 44 Ill. 121; Mayor and Council of Columbus v. Arnold, 30 Ga. 517; Lesterjelle v. Mayor and Council of Columbus, 30 Ga. 936.

It is held in the recent Supreme Court decision in the case of City of Carterville v. Della Gibson, 260 Mo. ——, where the Home Telephone Company had not paid an occupation tax as provided by an ordinance of the city of Carterville, and where the defendant Della Gibson, the agent of said company operating the switchboard was arrested under such ordinance for conducting a telephone business in Carterville without a license as required by the ordinance—that she

as such agent ''was not conducting a telephone business within the meaning of the ordinance mentioned, any more than an agent in charge of a railroad station located in said city was conducting a railroad business.'' That case holds that the servants, agent and employees of a corporation, which corporation is by ordinance required to pay an occupation tax, are not subject to arrest and fine on the charge of carrying on the business of the corporation because of the failure of the corporation or the agent to pay the occupation tax, the business carried on by such corporation not being in itself—in the absence of the ordinance —unlawful in its nature.

It is suggested that the admission made by defendant's counsel—''There isn't any issue except as to the reasonableness of that tax''—precludes the defendant from raising any question on this appeal other than such as pertains to that issue. By giving this admission its most liberal construction in favor of the plaintiff, it cannot be given the effect of relieving the plaintiff of making the necessary proof to sustain the charge in the complaint. The defendant filed a general denial, and then admitted in open court that he was agent for the Home Telephone Company and that no occupation tax had been paid, and stated that the only issue was to the reasonableness of the tax. He might have admitted any number of facts which whether true or untrue would bind him, but his admission was not that he had unlawfully violated the ordinance. Indeed, a defendant cannot be lawfully punished upon admitting that he is guilty of an offense when under the law and the facts of the particular case as adduced there can be no offense for which he could be convicted.

The cases above referred to clearly are authority for holding that the judgment of the trial court was erroneous, and it is therefore reversed. *Sturgis, J.,* concurs. *Robertson, P. J.,* not sitting.