## STATE v. POMEROY.

No. 5492. Decided December 7, 1934. (38 P. [2d] 751.)

*S. R. Thurman, D. A. Skeen,* and *A. U. Miner,* all of Salt Lake City, for appellant.

*Joseph Chez,* Attorney General, and *Zelph S. Calder,* Deputy Attorney General, for the State.

ELIAS HANSEN, Justice.

In an information filed in the district court of Salt Lake county, Utah, it was charged:

"That the said John (Jack) Pomeroy on the 1st day of October, 1932, and on each and every day during the calendar month of October, 1932, at and in Salt Lake County, State of Utah, was a distributor of motor vehicle fuels, having and maintained a place of business in said County, and he did then and there unlawfully distribute, use, and sell motor vehicle fuel, to-wit; gasoline, after the same reached said State, in quantities other than the original packages in which the same was imported, to-wit: in open bulk and broken packages, and not in packages as purely interstate commerce sales, which said gasoline he had then and there imported and caused to be imported into the State of Utah for use, distribution, and sale in, and after the same reached, the said State, in quantities other than the original packages in which the same was imported, without having then and there paid the license tax of One Dollar and without then and there having at all times conspicuously displayed at his said place of business a license certificate evidencing the payment of said license tax for the quarter year commencing on the 1st day of October, 1932, all as provided and required by Section 3 of Chapter 39, Laws of Utah 1923."

Upon a plea of not guilty a trial was had, a verdict of guilty rendered by the jury, and a fine of $50 imposed upon the defendant. He appeals. He seeks a reversal of the judgment upon the ground, among others, that the evidence offered and received at the trial was insufficient to support the verdict. There is no substantial conflict in the evidence. It shows: That at the time complained of defendant was president and general manager of the White Star Gas & Oil Company, a corporation; that during the month of October, 1932, such corporation received from without the state a number of tank cars of gasoline; that the gasoline was removed from the tank cars and placed in storage tanks belonging to the White Star Gas & Oil Company; that later the corporation removed from its storage tanks, the gasoline and distributed it to various retail dealers within the state; that at the time the gasoline was so received and dis-

tributed the White Star Gas & Oil Cmpany did not have a distributor's license, as provided by chapter 39, § 3, Laws of Utah 1923. The evidence is very meager as to just what the defendant did during the period complained of with respect to conducting the business of the corporation. It does appear that as president and general manager he signed a number of checks in payment of expenses of the corporation. There is no direct evidence that he ever ordered or knew of the gasoline being shipped into the state.

It will be observed that the effect of the information is to charge the defendant personally with engaging in the business of a distributor of motor vehicle fuels without a license and without displaying the same at his place of business. There is no evidence showing, or tending to show, that defendant on his own behalf engaged in the business, of a distributor of motor vehicle fuels. To sustain the conviction the state relied upon the fact that the White Star Gas & Oil Company, a corporation, conducted the business of a distributor without a license so to do; that the defendant, as president and general manager of the corporation, aided and abetted the corporation in the commission of the crime charged, and that, under the provisions of R. S. Utah 1933, § 103-143, defendant was a principal in the charged crime and his conviction proper.

An information must contain "a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." R. S. Utah 1933, § 105-21-3. The information must be direct and certain as to the offense charged. R. S. 1933, § 105-21-5. The acts here relied upon by the state are that the White Star Gas & Oil Company engaged in the business of a distributor without a license. There is, however, nothing in the information to so indicate. On the contrary, the language of the information clearly charges the defendant with engaging in the business of a distributor without a license, and that no license was displayed in his place of business. If the

of contempt may be fined not to exceed $200 or be im-defendant held a distributor's license in his own name, such license would not render lawful the acts relied upon by the state to sustain the conviction. It is one offense for the defendant to engage in the business of a distributor of motor vehicle fuels without a license and an entirely different offense for the White Star Gas & Oil Company to engage in that business without a license. The information filed in this case clearly charges the former offense. The evidence relied upon by the state tends to show the commission of the latter offense. The information meets the requirements of being definite and certain as to the offense charged if applied to the defendant personally engaging in the business of a distributor of motor vehicle fuels without having a license so to do. Being certain and definite as to the one offense of necessity, it may not be said to be certain and definite as applied to an entirely different offense. The variance between the allegations of the information and the evidence received at the trial is fatal to the verdict. *State* v. *Checkver*, 6 Boyce (29 Del.) 30, 96 A. 202; *Neck City* v. *Griffith*, 184 Mo. App. 328, 168 S. W. 1137.

The judgment is reversed, and the cause remanded to the district court of Salt Lake county for such further proceedings, not inconsistent with the views herein expressed, as may be deemed proper.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON and MOFFAT, JJ., concur.